MENTAL HEALTH
The superintendent of a state mental health facility, pursuant to 43A O.S. 95 [43A-95] (1971), is authorized to consent and authorize medical care of a patient who has been committed to a state mental health facility. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Does the superintendent of a state mental health facility have legal authority to consent and authorize medical care for a patient who has been committed to a state mental health facility? Your question can be answered by a plain reading of 43A O.S. 95 [43A-95] -43A O.S. 96 [43A-96] (1971). 43A O.S. 95 [43A-95] [43A-95] states: "The superintendent of any institution within the department shall be the guardian of the person of the patients committed to such hospitals for the purpose of retaining them therein. The superintendent of the hospital shall have exclusive custody and control of the person of the patient during the period of time he is detained for observation or treatment or both, whether a guardian of the person of said patient has been appointed or is appointed by any court." 43A O.S. 96 [43A-96] states: "Before proceeding with any major operation which in the judgment of the superintendent of the institution is advisable or necessary, the superintendent shall notify or cause to be notified the spouse, parent or guardian or one of the next of kin residing in Oklahoma, if such information is shown by the records on file with the superintendent and a copy of said notice shall be filed in the patient's records; except that in cases of grave emergency where the medical staff feels that surgical or other intervention is necessary to prevent serious consequences or death, authority is hereby given to proceed with such measure." The above-cited statutes apply to those persons who have been adjudged legally mentally incompetent and involuntarily committed to a mental health facility. These provisions generally do not apply to voluntary patients since they have not been adjudged legally mentally incompetent and possess the legal capacity to consent to treatment. We have been informed that hospital policy is to obtain consent from voluntary patients or next of kin after psychiatric evaluation prior to any non-emergency treatment. It is apparent from a reading of the above-cited statutes that the superintendent of a mental hospital or mental health institution is given exclusive custody and control of the individual involuntarily committed. Furthermore, such exclusive custody applies whether or not there has been a guardian appointed by the Court. 43A O.S. 96 [43A-96] provides for notification of the spouse, parent or guardian or next of kin of the patient of any major operation which is advisable or necessary in the judgment of the superintendent. Such notice prior to treatment, however, is not necessary in grave emergency situations. It is, therefore, the opinion of the Attorney General that the superintendent of a state mental health facility, pursuant to 43A O.S. 95 [43A-95] (1971), is authorized to consent and authorize medical care of a patient who has been committed to a state mental health facility. (DAVID K. McCURDY)